IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT V. KENNEDY, | § | |
| TDCJ-CID NO.1226204, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2805 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Robert V. Kennedy, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony conviction. The Court will the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

## I.    PROCEDURAL HISTORY

On December 16, 2003, petitioner was convicted in the 351st Criminal District Court of Harris County, Texas, of the felony offense of delivery of a controlled substance in cause number 662987 and sentenced to twenty-five years imprisonment. Petitioner did not file a motion for new trial or a notice of appeal from his drug conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about January 15, 2004. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a federal habeas petition challenging the drug conviction in early November of 2004, in the United States District Court for the Southern District of Texas, Galveston Division.

The Galveston District Court transferred the petition to this Court in January of 2005. This Court dismissed the petition on February 8, 2005, because petitioner had not exhausted his administrative remedies. *Kennedy v. Dretke*, Civil Action No.H-05-CV257 (S.D. Tex. Feb. 8, 2005). Petitioner filed an application for a writ of habeas corpus in the 351st Criminal District Court on February 21, 2005.[1] The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on June 29, 2005. Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on July 31, 2005.[2] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1. His probation was revoked without sufficient cause;

2. Statutory changes in law render his punishment unfair and excessive; and,

3. His trial counsel rendered ineffective assistance in violation of the Sixth Amendment.

(Docket Entry No.1).

II.    ONE-YEAR STATUTE OF LIMITATIONS

---

[1] Although petitioner indicates that he filed a state habeas application in September or October of 2004, state district court records indicate that he filed it on February 21, 2005. (Telephone conversation with deputy clerk of the Harris County District Court Clerk's Office).

[2] The district clerk actually recorded the petition as filed on August 8, 2005, but petitioner mailed the petition on July 31, 2005. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in

28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996,

and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*,

154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was

filed well after that date, the one-year limitations period applies to his claims.  *See Flanagan*, 154

F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about January 15, 2004 the last day petitioner could have filed a motion for new trial or a direct appeal in state court. *See* TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on January 15, 2005. Petitioner's federal habeas corpus petition, filed on July 31, 2005, is therefore untimely. Because petitioner's state application for habeas corpus relief was not filed until February 21, 2005, after the expiration of the January 15, 2005 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will not issue.

IV.     <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1.     Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.      This cause of action is DISMISSED with prejudice.

3.      A certificate of appealability is DENIED.

4.      Petitioner's application to proceed in forma pauperis (Docket Entry No.2) is DENIED.


Signed at Houston, Texas, on19th day of September, 2005.



_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE