IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT V. KENNEDY, | § | |
| TDCJ-CID NO.1226204, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-2805 |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

ORDER

On July 31, 2005, petitioner Robert V. Kennedy, proceeding *pro se*, sought federal habeas relief pursuant to 28 U.S.C. §2254 on his 2003 conviction for possession of a controlled substance in the United States District Court for the Southern District of Texas, Galveston Division. The case was transferred to this Court on August 12, 2005. On September 19, 2005, the Court dismissed the petition because it was barred by the governing statute of limitations. (Docket Entry No.7). Petitioner has now filed a "Rule 59 - Motion to Alter" which the Court construes to be a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry No.9).

A motion filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). However, a Rule 59(e) motion may not be used to "relitigate old matters,

or to raise arguments or present evidence that could have been raised prior to the entry of judgment."
*Id.*

In the pending motion, petitioner contends that he was unaware that he needed to address the limitations issue in the present petition because the form that was provided to him, unlike the revised federal form, did not instruct applicants to plead all facts material to the issue of limitations and did not provide space to address the issue. (Docket Entry No.7). Petitioner challenges the dismissal of the present petition, as follows:

1. The dismissal of this action violates *res judicata*, effectively overruling the dismissal of Civil Action No.H-05-CV-257, without prejudice;

2. The dismissal conflicts with the holding in *Rose v. Lundy*, 455 U.S. 509 (1982), because it unreasonably impairs the prisoner's right to relief or traps the unwary *pro se* prisoner; and,

3. Petitioner is entitled to equitable tolling because he has diligently pursued relief and extraordinary circumstances warrant tolling.

(Docket Entry No.9). Petitioner requests the Court to address the merits of each ground and to reinstate this habeas action.

I.   BACKGROUND

On December 16, 2003, petitioner was convicted in the 351st Criminal District Court of Harris County, Texas, of the felony offense of delivery of a controlled substance in cause number 662987 and sentenced to twenty-five years imprisonment. Petitioner did not file a motion for new trial or a notice of appeal from his drug conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about January 15, 2004. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a federal habeas petition challenging the drug conviction in early November of 2004, in the United States District Court for the Eastern District of Texas, Tyler Division. The Tyler District Court transferred the petition to this Court in January of 2005. This Court dismissed the petition on February 8, 2005, because petitioner had not exhausted his administrative remedies. *Kennedy v. Dretke*, Civil Action No.H-05-CV-257 (S.D. Tex. Feb. 8, 2005). Petitioner filed a state application for a writ of habeas corpus in the 351st Criminal District Court on February 21, 2005.[1] The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on June 29, 2005. (Docket Entry No.1).

Petitioner filed the present habeas petition on July 31, 2005.[2] In its Opinion on Dismissal, the Court determined that petitioner's one-year limitation period began on or about January 15, 2004, the last day he could have filed a motion for new trial or a direct appeal in state court. (Docket Entry No.7). The Court also determined that the one-year limitations period under AEDPA expired on January 15, 2005. (*Id.*). Because petitioner filed the present petition on July 13, 2005, after the expiration of the January 15, 2005 deadline, the Court found it to be untimely. The Court further found that the statutory tolling provisions in 28 U.S.C. § 2244(d)(2) did not apply because petitioner's state application for habeas corpus relief was not filed until February 21, 2005, after the expiration of the January 15, 2005 deadline. (*Id.*).

---

[1] Petitioner indicated in his second petition that he filed a state habeas application in September or October of 2004. State district court records, however, show that he filed it on February 21, 2005. (Telephone conversation with deputy clerk of the Harris County District Court Clerk's Office).

[2] The district clerk actually recorded the petition as filed on August 8, 2005, but petitioner mailed the petition on July 31, 2005. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999).

II.     DISCUSSION

A.      Equitable Tolling

Petitioner requests the Court to toll the limitations period during the pendency of his first federal habeas petition in this Court. The pendency of a federal habeas petition, however, does not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). *Duncan*, however, does not preclude a court from equitably tolling the limitations period during the pendency of a prior federal habeas proceeding. *Id.* at 183-84 (Stevens, J. concurring). If the Court were to grant petitioner's request and equitably toll limitations during the pendency of his first federal petition, limitations would not bar the present petition.[3] However, for the reasons to follow, the Court finds that petitioner is not entitled to equitable tolling.

1.      No Prejudice to Refiling

Petitioner claims he is entitled to equitable tolling because he understood a "dismissal without prejudice" to mean that a petitioner would not be prejudiced to refiling the petition without "running out of the limitations period." (Docket Entry No.9). Equitable tolling is allowed when a petitioner has been misled by the district court to believe that upon dismissing an earlier timely petition without prejudice the petitioner would be allowed to re-file at a later date. *United States v. Patterson*, 211 F.3d 927, 932 (5th Cir. 2000). Nothing in the Memorandum on Dismissal in Civil Action No.H-05-CV-257, however, can be construed as abating petitioner's first federal habeas or

---

[3] Petitioner's first federal habeas petition was pending for ninety-five days, from November 4, 2004, until February 8, 2005, thus tolling the limitations period for filing the federal application until April 20, 2005. His state habeas application was pending before the Texas Court of Criminal Appeals for 128 days, from February 21, 2005 until June 29, 2005, thus tolling the limitations period under 28 U.S.C. § 2244(d) until late August of 2005. Therefore, petitioner's second federal petition, filed July 31, 2005, would be timely.

implying that the statute of limitations would not apply to the refiling of the petition upon exhausting state remedies. This Court's prior dismissal without prejudice did not make any mention of the timeliness of a subsequent petition. Therefore, petitioner was not actively deceived. *Compare Patterson*, 211 F.3d at 931-32 (5th Cir. 2000); *cf. Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (noting the absence of affirmative statements comparable to those in *Patterson* on which the petitioner could have relied), *cert. denied*, 539 U.S. 918 (2003). Petitioner's misunderstanding of the meaning of "without prejudice" does not justify equitable tolling of the limitations period. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

2.  Unreasonably Impair Petitioner's Right to Relief

At the time this Court dismissed petitioner's first federal habeas petition for non-exhaustion of state remedies, limitations had expired. (Docket Entry No.9). Petitioner complains that dismissing the petition in this posture unreasonably impaired his right to habeas relief and set a trap for the unwary in violation of *Rose v. Lundy* and its progeny. (Docket Entry No.9). Petitioner argues that to avoid the "limitations trap" and impair his right to federal habeas relief, this Court should have stayed his first habeas action instead of dismissing it. (*Id.*). Because the Court no longer has jurisdiction over petitioner's first habeas action, the Court presumes that petitioner seeks equitable tolling as a means to redress the Court's alleged error in failing to stay and abey the first habeas action.

Before the enactment of AEDPA, federal district courts were required to dismiss mixed habeas petitions, *i.e.*, those containing both exhausted and unexhausted claims. *Rose v. Lundy* 455 U.S. at 510, 522 (1982). With the enactment of AEDPA, Congress imposed a one-year statute of limitations for filing a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). "The combined

effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims--including those already exhausted--because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2445 (2004).  A district court, however, is not required to advise the petitioner, who files a mixed petition, that limitations could expire or of his options before dismissing a *pro se* petitioner's mixed habeas petition under *Rose v. Lundy*. *Id.* at 2447.

A district court, nevertheless, has the discretion to stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Webber*, 125 S.Ct. 1528, 1534 (2005).  Once the claims are exhausted, the court will lift the stay and allow the petitioner to proceed in federal court. *Id.* The Supreme Court noted that stay and abeyance should be available only in limited circumstances as follows:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \*   \*   \*   \*   \*
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 1535.

In this case, the Court did not err by not staying or holding Civil Action No.H:05-CV-257 in abeyance.  Unlike the petitioners in *Lundy* and *Rhines*, petitioner had not exhausted any of his state remedies before filing his first habeas petition in federal court.  *Compare Lundy*, 455 U.S. at 511; *Rhines*, 125 S.Ct. at 1532.  *See also Pliler*, 124 S.Ct. at 2444.  Unlike the petitioner in *Rhines*, petitioner did not request the Court to stay and abey his first federal petition.  *Compare Rhines*, 125 S.Ct. at 1532.  *See also Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813 (2005) (noting that a prisoner seeking state postconviction relief to exhaust state remedies who is unsure that his state application is properly filed, might file a "protective" petition in federal court and ask the federal court to stay and abey the federal habeas petition until state remedies are exhausted).  Because petitioner made no such motion, the Court did not evaluate whether he had good cause for his failure to exhaust, whether his unexhausted claims were potentially meritorious, or whether he had engaged in intentionally dilatory litigation tactics.  Under these circumstances, the Court did not abuse its discretion in dismissing the petition.  *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).  Accordingly, petitioner is not entitled to equitable tolling because this Court did not stay his first federal habeas petition.

3.Circumstances Justifying Equitable Tolling

Next, petitioner argues that he is entitled to equitable tolling of the limitations period for the following reasons:

1.He did not seek state post-judgment relief because his trial counsel wrongly advised him that he could not challenge the 1996 plea upon revocation of his probation.

2.He did not have a proper understanding of the exhaustion requirement when he filed his first federal petition.  He understood the dismissal order in Civil Action No.H-05-CV-257 to permit refiling in any way, including beyond the limitations period.

      3.      He had limited access to legal information in the Harris County Jail and more when he was transferred to TDJC-CID in June of 2004.

      4.      He was diligent in filing his state habeas application after the dismissal of his first federal habeas petition and diligent in filing his second federal habeas petition upon the denial of state habeas relief by the Texas Court of Criminal Appeals.

(Docket Entry No.9).

The one-year limitations provision of the AEDPA "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "As a general rule, equitable tolling operates only 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis*, 158 F.3d at 810-11). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

A petitioner, however, may demonstrate rare and extraordinary circumstances that would entitle him to equitable tolling if he shows that his attorney intentionally deceived him and that he reasonably relied on his attorney's misrepresentations. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.), *cert. denied*, 539 U.S. 952 (2003). Petitioner does not claim that his trial counsel intentionally deceived him. In fact, he does not explicitly state whether trial counsel incorrectly advised him that he could not appeal the 1996 plea or whether he could not seek post-judgment collateral relief in state court.

Petitioner's unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) nor his ignorance of the exhaustion requirement merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.1999). Furthermore, petitioner's claim of limited access to legal information does not constitute a "rare and exceptional" circumstance warranting equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000). After the dismissal of his first federal petition on February 8, 2005, petitioner filed a state habeas application on February 21, 2005. The Texas Court of Criminal Appeals denied the application on June 29, 2005, and petitioner filed the present petition in this Court a month later, on July 31, 2005. While petitioner may have pursued relief more aggressively after the dismissal of his first federal habeas petition, he has not shown that he pursued relief with such diligence in filing his first federal petition. Petitioner filed his first federal petition ten months after his conviction became final under AEDPA without attempting to exhaust his state remedies. The form upon which petitioner filed his first habeas petition instructed him that he must present his claims to the state's highest court before filing a federal petition. Petitioner indicated on the form that he had not presented his claims to the state's highest court. Although informed of the need to exhaust, petitioner chose to file his first federal petition before pursuing relief in the state courts. Petitioner has shown nothing beyond his control that made it impossible to file the present petition on time. Therefore, he fails to show that he used due diligence in exercising his rights under § 2554, which would warrant equitable tolling.

B.      Issues Relating to the Dismissal of the First Federal Petition

1.      Res Judicata and Collateral Estoppel

Petitioner contends because Civil Action No.H-05-CV-257 was dismissed without prejudice, *res judicata* bars the Court from revisiting the limitations issue in Civil Action No.H-05-CV-2805. (Docket Entry No.9). Petitioner's contention fails for the following reasons:

The rule of *res judicata* encompasses two separate but linked preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000) (internal citation omitted). Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id.* (citation omitted). Collateral estoppel, also known as issue preclusion, "applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment." *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005), *petition for cert. filed* 73 U.S.L.W. 3719 (U.S. May 31, 2005) (No.04-1615). Collateral estoppel "is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir.), *cert. denied*, 73 U.S.L.W. 3734, 74 U.S.L.W. 3226, 74 U.S.L.W. 3228 (U.S. Oct. 11, 2005) (No.04-1655).

In this case, neither *res judicata* nor collateral estoppel bar the dismissal of petitioner's habeas petition as time-barred pursuant to 28 U.S.C. § 2244. *Res judicata* does not apply because Civil Action No.H-05-CV-257 was not concluded by a final judgment on the merits but dismissed

on procedural grounds. Collateral estoppel does not apply because fact issues underlying the limitations issue were not litigated or even discussed in Civil Action No.H-05-CV-257.

2.   Amended Petition

Petitioner next contends because the first habeas petition was dismissed without prejudice, its judgment was not final; therefore, the present petition is merely an amended petition of the petition filed in Civil Action No.H-05-CV-257. (Docket Entry No.9).

A habeas petition re-filed after the dismissal of an earlier action without prejudice for failure to exhaust state remedies is a continuation of the first collateral attack, not a second or successive petition, and does not require authorization from the Fifth Circuit Court of Appeals to proceed in district court. *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997). The refiling of a petition previously dismissed without prejudice does not, however, constitute the same habeas proceeding. *Patterson*, 211 F.3d at 932 n.9. "Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes." *Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir. 1999). The present petition, while not successive, is not a continuation of the first filed petition and therefore, is subject to the AEDPA's limitation period.

IV.   CONCLUSION

11

Based on the foregoing, the Court finds that petitioner has failed to show his entitlement to relief under Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, petitioner's Motion to Alter (Docket Entry No.9) is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, on December 21, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE